# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

LARRY E. UPTEGROVE, )
)
      Petitioner, )
)
vs. ) Case No. 12-0456-CV-W-BP-P
)
TOM VILLMER, et al., )
)
      Respondents.

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Farmington Correctional Center in Farmington, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 conviction and sentence for deviate sexual assault, which was entered in the Circuit Court of Johnson County, Missouri. Petitioner raises four (4) grounds for relief. Respondents contend that petitioner's petition is untimely and that petitioner's grounds are procedurally defaulted.

## STATUTE OF LIMITATIONS

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(2) provides that the time during which petitioner had a properly filed state collateral review pending shall not be counted toward any period of limitation under Section 2244(d).

Petitioner was sentenced on May 5, 2010, and did not file an appeal, making his judgment

final 10 days later on May 17, 2010[1]. See Mo. Sup. Ct. R. 30.01(a), 81.04(a). Petitioner did not file a motion for post-conviction review. Doc. No. 12, pp. 2-3; Doc. No. 8, p. 7. As a result, the one-year statute of limitations in Section 2244(d) expired one year later on May 17, 2011. This petition, signed on April 9, 2012, was 328 days out of time.

Petitioner states in his petition that he assumes that his petition is timely because his counsel "has not presented [him] with any documentation stating otherwise." Doc. No. 1, p. 13. In his reply, petitioner contends that his petition is based on new evidence that was not available at trial. Doc. No. 12, p. 2. Specifically, petitioner argues that he discovered evidence that attorney John O'Connor was hired by petitioner's sister to replace petitioner's existing counsel and "that it is improper for [petitioner's] counsel to represent him without his consent." Doc. No. 12, pp. 2-3.

If petitioner intends to seek equitable tolling, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Riddle v. Kemna, 523 F. 3d 850, 856 (8th Cir. 2008) (en banc) (quoting Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006)). The extraordinary circumstances must be beyond a prisoner's control, making it impossible for him to file a timely petition. See, e.g., Finch v. Miller, 491 F. 3d 424, 426 (8th Cir. 2007). Even claims of actual innocence have been held to be insufficient to toll the statute of limitations. See Flanders v. Graves, 299 F. 3d 974, 978 (8th Cir. 2002), cert. denied, 537 U.S. 1236 (2003).

Petitioner has not demonstrated that he actually was prevented from pursuing a federal petition from May 17, 2010, through May 17, 2011, or that he was diligent in attempting to file a federal

---

[1] Because the 10 day deadline for filing a notice of appeal fell on Saturday, May 15, 2010, the actual deadline would have been May 17, 2010, the next business day. Doc. No. 8, p. 7.

petition during that same time period. Instead, petitioner argues that he was unaware of the agreement petitioner's sister made with O'Connor. Doc. No. 12, p. 2. Furthermore, the Eighth Circuit has held that the "[i]neffective assistance of counsel generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002).

If petitioner intends to argue that the statute of limitations should have started at a later date because he was unaware of the factual predicates underlying his claims, petitioner fails to show how the facts underlying his claims were not discoverable through due diligence. In fact, given that petitioner was aware that O'Connor represented him at his guilty plea, petitioner's allegations concern events that occurred while petitioner's criminal proceeding was pending. Consequently, petitioner's petition is untimely.

## PROCEDURAL DEFAULT

Respondents also argue that petitioner procedurally defaulted his grounds by failing to include them in a timely post-conviction motion filed pursuant to Mo. Sup. Ct. R. 24.035. Doc. No. 8, pp. 10-12. "A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

Petitioner procedurally defaulted his claims by failing to include them in a timely post-conviction motion or on appeal from the denial thereof. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997)(recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate

3

cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner contends that he was made to believe that his appeal in a separate but related case in Henry County covered the same issues as his Johnson County case and that he currently is challenging his Henry County conviction through a post-conviction motion filed pursuant to Mo. Sup. Ct. R. 29.15 . Doc. No. 1, p. 4; Doc. No. 12, p. 1. Petitioner, however, was advised in a Post Conviction Relief Rights Notice that he needed to file any claims concerning the Johnson County conviction in the Circuit Court of Johnson County. Respondent's Exhibit F. Because petitioner fails sufficiently to explain why his claims were not presented in a timely Rule 24.035 post-conviction motion challenging his Johnson County conviction, petitioner fails to demonstrate cause for his procedural default.[2]

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006). As a result, petitioner's grounds for relief are procedurally defaulted and will be denied.

---

[2] Because petitioner never initiated a post-conviction proceeding challenging his Johnson County conviction as instructed in the post-conviction relief rights notice, Martinez v. Ryan, 132 S. Ct. 1309 (2012), does not apply. Id. at 1319-20 (holding that the ineffective assistance of post-conviction counsel in an initial-review collateral proceeding can establish cause where the state failed to appoint counsel in the proceeding for a claim of ineffective assistance of trial counsel or where appointed counsel failed to raise a claim of ineffective assistance of trial counsel in the proceeding).

4

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

    /s/ Beth Phillips
BETH PHILLIPS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: August 22, 2012 .